

**SO ORDERED.**

**SIGNED this 30 day of April, 2010.**

_Stephani W. Humrickhouse_
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **RAUL GONZALEZ-MORA** | **09-09607-8-SWH** |
|     **DEBTOR** | |
| | |
| **BUILDERS MUTUAL INSURANCE COMPANY** | |
|     **Plaintiff** | **ADVERSARY PROCEEDING NO.** |
|     **v.** | **H-10-00053-8-AP** |
| **RAUL GONZALEZ-MORA** | |
|     **Defendant.** | |

**ORDER REGARDING MOTION TO EXTEND TIME TO FILE ANSWER**

The matter before the court in this adversary proceeding is the motion filed by the defendant, Raul Gonzalez-Mora, to extend the time to file an answer. A hearing took place in Raleigh, North Carolina on April 29, 2010.

Builders Mutual filed its complaint on March 8, 2010, seeking a determination of dischargeability as to a debt owed by the defendant for unpaid insurance premiums. The summons issued on March 9, 2010, and the plaintiff served Mr. Gonzalez-Mora with a copy of the summons

and complaint through the U.S. Postal Service on March 10, 2010.  The defendant did not file an answer by the deadline of April 8, 2010, but rather filed the present motion on April 12, 2010, to extend the time to answer.  Mr. Gonzalez-Mora represents that he did not respond within the prescribed time because he had emergency gastrointestinal surgery in December, 2009, which left him out of work and highly stressed, and that he will need more surgery in May, 2010.  Mr. Gonzalez-Mora stated that he did not understand the complaint and that his English was not very good.  He recently sought assistance with the adversary proceeding from his bankruptcy attorney, but the attorney declined based upon the subject matter of the complaint, which includes worker's compensation issues.  Mr. Gonzalez-Mora seeks additional time to file an answer, in which time he plans to find another attorney or enlist help from his daughter, who has a stronger command of the English language.

     Builders Mutual represented at the hearing that it has no objection to the court's extension of the response period.  Counsel for the plaintiff further indicated that another attorney in the firm had been in contact with the defendant for purposes of discussing settlement, and had a tentative agreement to resolve the dispute.  Mr. Gonzalez-Mora represented at the hearing, however, that he had been presented with "a paper," which he could not understand based on an inability to read written English, and had been advised by his family not to sign the document.

     Under Bankruptcy Rule 9006, "the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  Fed. R. Bankr. P. 9006(b)(1).  The court finds that based upon Mr. Gonzalez-Mora's unexpected medical problems, and because his insufficient command and understanding of the English language prevented him from grasping the full import

of the complaint and the prescribed time periods for response, the failure to answer within the prescribed time was due to excusable neglect and the time should be extended.

Based on the foregoing, Mr. Gonzalez-Mora has until Monday, May 31, 2010, to file an answer to the complaint. If an answer is not filed on or before May 31, 2010, Mr. Gonzalez-Mora will run the risk of having a default judgment entered against him. The court encourages Mr. Gonzalez-Mora to obtain assistance from a bilingual individual during communications with Builders Mutual and the court. Mr. Gonzalez-Mora may also notify the court in advance if the assistance of a translator is desired during a court appearance.

Accordingly, the motion to extend the time to answer is **ALLOWED.**

**SO ORDERED.**

**END OF DOCUMENT**